## JAMES SNODDY *v.* W. M. BUCHANAN & CO.

**Chancery Practice — Application to Remand to Take Testimony.**

> Where an application to remand to rules to take testimony is made by the defendant, based on the affidavit of his counsel to the effect that there was an agreement between counsel for both parties that testimony could be taken by either party at any time before the hearing of the cause, and that two days before court convened, counsel for defendant informed counsel for plaintiff that he desired to take some depositions in accordance with the agreement, and was then informed by counsel for plaintiff that the ten days' notice required by statute must be given, the application should be sustained.[1]

Appellees filed their bill in the Chancery Court of Chickasaw county against appellant at the October term, 1879. At the May term, 1882, defendant filed his motion to remand the cause to rules for the purpose of taking further testimony. In support of

---

[1]

The Chancery Court has power to remand for further proof at any time before final decree, or even afterwards, with or without the consent of parties. The power should always be exercised where it is necessary to the ascertainment of the true merits of the controversy, and this is so, even where the necessity arises from the carelessness or ignoranc of litigants or their counsel. So *held* in this case, where the solicitor of a party made affidavit that he omitted to make certain necessary proof because of a mistaken impression that the allegation of the answer was responsive to the bill. Beard *v.* Green, 51 Miss. 856.

So where, on appeal of complainant, a decree in favor of defendant has been twice reversed for the want of certain evidence, and, after being re-

his motion, he filed the affidavit of W. E. Baskin, one of defendant's counsel, setting up the following facts: That on or about October or November, 1881, during or about the time of the sitting of the Chancery Court, an agreement was made between plaintiff's counsel and defendant's counsel that any testimony that might be needed in said cause by either party could be taken at any time before the hearing; that affiant had another conversation with Mr. Buchanan, of the firm of Buchanan & Houston, counsel for complainant, a day or two before the sitting of the present term of court, in which conversation affiant informed him that his client, Snoddy, desired to take some depositions in accordance with the agreement, and that he had informed Mr. Houston, the junior member of the firm, and Houston had then stated that the ten days' notice required by law must be given before the depositions could be taken, it being but a day or two before court convened; that affiant informed Buchanan of what Houston had said; he said that he would see about it; that on account of these facts they were not ready for trial; that the testimony desired to be taken was important and material. The affidavit set out the facts to be proved. The motion was overruled. From a decree for plaintiffs, defendant appeals.

APPEALED from Chancery Court, Chickasaw county, second district, L. HAUGHTON, Chancellor.

manded for further proceedings, defendant moves to remand the cause to rules to take testimony, on the ground that the papers containing the evidence relied upon by him were before the chancellor on the second trial, but that his solicitor, having a disagreement with him, took the papers from the files and carried the same out of the State, and for this reason they were not copied in the transcript on the second appeal, it is reversible error to refuse the application. Taylor v. Wright, 54 Miss. 722; Hanserd v. Gray, 46 Miss. 75.

Where an application to remand to take testimony is based on the affidavit of defendant that, after filing his answer, he had reason to believe, from statements of the complainant and his counsel, and the fact that they did not set the cause down at a former term, that complainant did not expect to ask a decree, as arrangements had been made for a settlement, it is proper to sustain the application. Brooks v. Robinson, 54 Miss. 272.

On final hearing, and without remanding to rules, the court may strike from the files papers not proper to be considered. Futch v. Jeffries, 59 Miss. 506.

Reversed and remanded, February 5, 1883.

*Attorneys for appellant, Lacey & Baskin.*

*Attorney for appellee, W. T. Houston.*

Brief of Lacey & Baskin:
\* \* \* We ask the court to carefully consider the affidavit accompanying the motion to remand. Gen. W. F. Tucker was the original counsel. After the death of Gen. Tucker the law firm of Lacey & Baskin was employed. It was agreed between counsel that they would take testimony without the formality of *notice.* Notice was served on Lacey & Baskin and Snoddy, May 6, 1882, that complainant would take testimony on the 17th day of May, 1882. Court convened on the 22d day of said month. Before the taking of the testimony, Mr. Baskin, of counsel for Defendant Snoddy, called upon Mr. Buchanan, of the law firm of Buchanan & Houston. The impression left on his mind was that the agreement would be carried out. But counsel for complainant demanded the pound of flesh, and we ask this court to see that they take no blood. In this connection we refer the court to the following authorities: Beard *v.* Green, 51 Miss. 856; Taylor *v.* Wright, 54 Miss. 722. \* \* \*

Brief of W. T. Houston:
Did the court err in refusing to remand the cause? The motion to remand was based on affidavit, which, I submit, did not show sufficient ground to sustain the same. The cause was heard May 23, 1882. General Tucker was killed in the fall of 1881, and subsequently and after his retainer—to wit: in October or November, 1881—affiant saw Judge Buchanan and entered into an agreement that testimony could be taken at any time, and from that date until about the 20th of May, 1882, appellant never said anything more about wanting to take testimony, so that evidently the assassination of General Tucker is not to prejudice appellee's rights; there was too much time and opportunity for appellant to remedy the loss to him. Besides, one continuance of the cause— to wit: at the fall term, 1881—was possibly attributable to the same cause. No diligence is shown, and no reason is shown in extenuation of the want of diligence.

The affidavit shows that appellant wanted to take testimony, and that the testimony which he wants is important and material testimony. No one questions that they wanted some important and material testimony, but affiant does not show that he has or had any reasonable expectation of ever getting it. He expects to prove by the testimony which he wants certain facts. No one doubts that, if he could get the testimony which is necessary to the exigencies of his case, he would expect it to prove what he alleges and perhaps more. But when does he expect to get such testimony, and where? Is it within the jurisdiction of the court? Does he expect to get it by the ensuing term? Is it documentary evidence or human testimony? If human testimony, what is the name and location of the witness? As he is appealing to the discretion of the court for indulgence, should he not be required to show all the more fully that the testimony will be forthcoming by the succeeding term? The affidavit is made on information derived from appellant as to his wanting to take testimony and what he expects to prove. Why was it not made by him? The affidavit is true, of course, as far as it goes, but is the information true, or only communicated to the counsel to procure delay?

The case involved $110, and had been pending since September 30, 1879. Appellant's answer was filed October 22, 1879. The application was addressed to the chancellor's discretion; he was cognizant of the history of the case, was on the ground, and his conclusion was presumably right. 54 Miss. 274-277.

To commence taking testimony two days before the trial term seemed to imply that the case would be continued, or that appellees were to risk everything without having any opportunity to rebut, and this, too, without knowing who was to be examined. * * *

OPINION.—*Per curiam:*

Because of the refusal to remand the case to the rules on motion of the appellant, and to give him opportunity to take testimony, we reverse the decree and remand the case to the Chancery Court and to the rules.